O ✓

ORIGINAL

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUL 20 2010    2:30 PM

CLERK, U.S. DISTRICT COURT
By _____ Deputy

| | |
|---|---|
| MARIA FABELA, ALFONSO BALADEZ,<br>AMELIA BALADEZ, MARIA BALADEZ,<br>MARIA JACOBO, ANTONIO REYES,<br>MARIA REYES, DIANA ROSAS,<br>LETICIA TORRES, AND JOSE<br>VILLANEDA,<br><br>　　　**Plaintiffs,**<br><br>**v.**<br><br>CITY OF FARMERS BRANCH, TEXAS,<br>AND TIM O'HARE, HAROLD<br>FROELICH, MICHELLE HOLMES,<br>DAVID KOCH, BEN ROBINSON, AND<br>TIM SCOTT, in their official capacities,<br><br>　　　**Defendants.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

CIVIL ACTION NO. _____

**3-10CV1425-D**

42118

**PLAINTIFFS' ORIGINAL COMPLAINT FOR DECLARATORY AND**
**INJUNCTIVE RELIEF UNDER THE VOTING RIGHTS ACT OF 1965**

Plaintiffs Maria Fabela, Alfonso Baladez, Amelia Baladez, Maria Baladez, Maria Jacobo, Antonio Reyes, Maria Reyes, Diana Rosas, Leticia Torres, and Jose Villaneda ("Plaintiffs") file this Original Complaint for Declaratory and Injunctive Relief under the Voting Rights Act of 1965 against defendants the City of Farmers Branch, Texas ("Farmers Branch" or the "City"); Tim O'Hare, in his official capacities as Mayor of Farmers Branch and a member of the Farmers Branch City Council (the "City Council"); and Harold Froelich, Michelle Holmes, David Koch, Ben Robinson, and Tim Scott, each in his official capacity as a member of the City Council, on personal knowledge as to all allegations concerning Plaintiffs' activities, and information and belief as to all other allegations, as follows:

# I.

## PRELIMINARY STATEMENT

Farmers Branch conducts at-large elections for each of the six members of its City Council, which includes five members and the Mayor (the "Electoral System"). The purpose and effect of this Electoral System is that each and every member of the City Council, including the Mayor, responds to the concerns of the same predominately white voters that dominate the at-large electorate in Farmers Branch.

This at-large system is intended to deny representation to the City's citizens of voting age who are Hispanic. Indeed, an estimated 48.2 percent of the population of Farmers Branch is Hispanic according to the Census Bureau. Courts have repeatedly struck down similar at-large systems in cities with significant minority populations and have required those cities to adopt single-member district systems. Plaintiffs, themselves victims of this intentionally pernicious system, file this lawsuit in order to ensure that the City's substantial Hispanic minority has the opportunity to select representation of their choice and to end the City's continuing violations of the Voting Rights Act of 1965, as amended, 42 U.S.C. § 1973, *et seq.*

# II.

## PARTIES

A.   **Plaintiffs**

1.     Plaintiff Maria Fabela is a Hispanic individual, United States citizen, and eligible voter residing at 2545 Squire Place, Farmers Branch, Texas 75234.

2.     Plaintiff Alfonso Baladez is a Hispanic individual, United States citizen, and eligible voter residing at 2500 Valwood Parkway, Farmers Branch, Texas 75234.

3.      Plaintiff Amelia Baladez is a Hispanic individual, United States citizen, and eligible voter residing at 2500 Valwood Parkway, Farmers Branch, Texas 75234.

4.      Plaintiff Maria Baladez is a Hispanic individual, United States citizen, and eligible voter residing at 2500 Valwood Parkway, Farmers Branch, Texas 75234.

5.      Plaintiff Maria Jacobo is a Hispanic individual, United States citizen, and eligible voter residing at 13816 Dennis Lane, Farmers Branch, Texas 75234.

6.      Plaintiff Antonio Reyes is a Hispanic individual, United States citizen, and eligible voter residing at 2628 Valwood Parkway, Farmers Branch, Texas 75234.

7.      Plaintiff Maria Reyes is a Hispanic individual, United States citizen, and eligible voter residing at 2628 Valwood Parkway, Farmers Branch, Texas 75234.

8.      Plaintiff Diana Rosas is a Hispanic individual, United States citizen, and eligible voter residing at 13812 Dennis Lane, Farmers Branch, Texas 75234.

9.      Plaintiff Leticia Torres is a Hispanic individual, United States citizen, and eligible voter residing at 2413 Springvale Drive, Farmers Branch, Texas 75234.

10.     Plaintiff Jose Villaneda is a Hispanic individual, United States citizen, and eligible voter residing at 2625 Valwood Parkway, Farmers Branch, Texas 75234.

**B.      Defendants**

11.     Defendant the City is a municipal corporation located in the northern area of Dallas County.  It may be served by serving Cindee Peters, City Secretary, at 13000 Wm. Dodson Parkway, Farmers Branch, Texas 75234.

12.     Defendant Tim O'Hare is Mayor of Farmers Branch, a member of the City Council, and a resident of Farmers Branch, and may be served with process at 13207 Cedar Lane, Farmers Branch, Texas 75234.

13.     Defendant Tim Scott is elected to Place 1 of the City Council, is a resident of Farmers Branch, and may be served with process at 3008 Eric Lane, Farmers Branch, Texas 75234.

14.     Defendant Harold Froelich is elected to Place 2 of the City Council, is a resident of Farmers Branch, and may be served at 13831 Braemar Drive, Farmers Branch, Texas 75234.

15.     Defendant Michelle Holmes is elected to Place 3 of the City Council, is a resident of Farmers Branch, and may be served at 14621 Cherry Hills Drive, Farmers Branch, Texas 75234.

16.     Defendant David Koch is elected to Place 4 of the City Council, is a resident of Farmers Branch, and may be served at 3243 Brincrest Drive, #1, Farmers Branch, Texas 75234.

17.     Defendant Ben Robinson is elected to Place 5 of the City Council, is a resident of Farmers Branch, and may be served at 13824 Wooded Creek Court, Farmers Branch, Texas 75244.

### III.

### JURISDICTION AND VENUE

18.     Pursuant to 28 U.S.C. § 1331 and Section 2 of the Voting Rights Act of 1965, as amended, 42 U.S.C. § 1973, this Court has jurisdiction over this action.

19.     This Court has personal jurisdiction over defendants, and venue is proper in the Northern District of Texas pursuant to 28 U.S.C. § 1391(b), because all Defendants reside in this District.

IV.

FACTS

A.     **Plaintiffs Are Long-Time Residents Of Farmers Branch And Victims Of Its Illegal Electoral System.**

20.     Plaintiffs are each Hispanics, residents of Farmers Branch, over eighteen (18) years of age, and citizens of the United States.  Accordingly, each of them is eligible to vote in Farmers Branch elections.  Unfortunately, each of them is also subject to the intentionally discriminatory electoral system in Farmers Branch, which denies them, and other Hispanics, the opportunity to vote for representatives of their choice.

B.     **Farmers Branch:  A City In Turmoil**

21.     The City was first settled in the 1840s and formally incorporated approximately one hundred years later in 1946.  Its name reflects the high quality of the farmland in the area at the time of the City's initial settlement.

22.     In the 1950 Census, Farmers Branch had only 915 residents.  Rapid population growth, however, began in the 1950s, and by the time of the 1960 Census, Farmers Branch had 13,441 residents.  The City's overall population exceeded 27,000 in 1970.  Since then, the population has been stagnant, remaining close to the 27,000 people counted thirty years later in the 2000 Census.  As of 2008, Farmers Branch had an estimated population of only 28,477.

23.     Despite the City's lack of overall population growth since 1970, its Hispanic population — and, consequently, the share of its population that is Hispanic — has increased rapidly in recent years.

24.     The 2000 Census reflected that the City's Hispanic population of 10,241 comprised 37.2 percent of the total population at that time.  In 2000, Hispanics were also

31.6 percent of its voting age population. The Hispanic population has continued to grow rapidly. The Census Bureau's 2006-2008 3-year American Community Survey estimated that Hispanic residents comprised 48.2 percent of the total population of Farmers Branch, and 39.1 percent of its voting age population. Clearly, the City's ethnic composition has changed rapidly. Sadly, this change has not been reflected in the composition of the City Council.

## C.    The City's Electoral System

25.    Under the Electoral System, the City Council has six members, including the Mayor. Each member of the City Council other than the Mayor is elected from a specific "place," numbered from one to five. All members of the City Council, including the Mayor, are elected to three-year terms. Each member of the City Council is elected from an identical at-large electorate comprised of all of the eligible voters in the City. Moreover, to prevail, a candidate must receive a majority of the votes cast in an election. Should no candidate obtain a majority of the votes, run-off elections are held between the two candidates receiving the highest number of votes for a particular position. Elections are staggered so that one-third of the members of the City Council are elected in each yearly election. The only residency requirement is that each member of the City Council must reside within the boundaries of the City. The Electoral System permits the possibility that each of the six members of the City Council could reside on the same street block.

## D.    The Discriminatory Effects Of The City's Electoral System

26.    The 2000 census reflects that the eligible voter population of Farmers Branch was approximately 16.7 percent Hispanic. According to a recent Census Bureau estimate, the comparable figure today is over 25 percent. Based on those percentages,

one would expect to find a Hispanic member of the City Council, but there are none. In fact, Plaintiffs are not aware of a single Hispanic ever being elected to a position on the City Council. These facts underscore the political reality in Farmers Branch — whites vote as a bloc to defeat candidates preferred by Hispanic voters.

27.     A review of data for Farmers Branch from the Census Bureau's 2006-2008 American Community Survey reveals that Hispanics in Farmers Branch are heavily concentrated in the northwestern area of the city. As such, the Hispanic vote is geographically compact. In sum, Hispanics are sufficiently numerous and geographically compact that a properly apportioned single-member district plan can be drawn in which Hispanics would form a majority of the voting age population in at least one of five potential City Council single-member electoral districts.

28.     The present Electoral System disadvantages Hispanic candidates because, due to ethnic, social, and residential patterns, it is more difficult for Hispanic voters to solicit white voters than it is for white candidates to do so. Moreover, Hispanic voters suffer from the effects of past discrimination and have lower average incomes and less education, which also disadvantage the candidates favored by Hispanic voters. In particular, those factors make it more difficult for Hispanic candidates to raise the funds necessary to compete effectively in district-wide elections.

## E.     Without Court Intervention, The Current Discriminatory Electoral System Will Remain In Place.

29.     In 2007, Valentine Reyes and other Hispanic plaintiffs also filed suit against Farmers Branch under the Voting Rights Act. In that suit, the court appropriately found that the Reyes plaintiffs' proffered data were lacking and, therefore, dismissed the suit. Plaintiffs in the instant suit, however, have additional data that, had it been

presented to the court in the 2007 suit, would have allowed the plaintiffs in that suit to prevail. Notwithstanding the availability of this data, however, the City refuses to take the necessary steps to create an electoral system that does not discriminate against the City's Hispanic voters. Unless this Court directs the City to design a single-member electoral system, or, if appropriate, an alternative electoral system, such as one involving cumulative voting or limited voting, the current discriminatory Electoral System will continue. Accordingly, the Court should compel the City to correct this illegal system for electing the City Council and afford all of the residents of the City an opportunity to elect City Council members of their choice.

## V.

## CLAIM

**A.** **Violation Of Section 2 Of The Voting Rights Act Of 1965.**

30. Plaintiff hereby incorporates the allegations in the preceding paragraphs as if fully set forth herein.

31. Section 2 of the Voting Rights Act of 1965, as amended, prohibits any standard, practice, or procedure that results in the denial or abridgement of the right of minorities to vote. Specifically, it forbids any electoral system that denies Hispanics an equal opportunity to that afforded to other members of the electorate to elect representatives of their choice.

32. The City's entirely at-large Electoral System for electing the members of its City Council dilutes Hispanic voting strength and is not equally open to participation by the City's Hispanic voters. Further, the Electoral System results in Hispanics having less opportunity than some other voters to participate in the electoral process and to elect representatives of their choice.

33.     Unless enjoined by this Court, the City's at-large Electoral System will remain in force, and the City will therefore continue to violate Section 2 of the Voting Rights Act by administering, implementing, and conducting future elections for the City Council using the at-large Electoral System.

## VI.

## REQUEST FOR RELIEF

WHEREFORE Plaintiffs request that this Court enter an order:

(1)     Declaring that the at-large method of electing members to the Farmers Branch City Council violates Section 2 of the Voting Rights Act;

(2)     Enjoining Farmers Branch, its agents, and all persons acting in concert with any of them, from administering, implementing, or conducting any future elections for Farmers Branch under the at-large method;

(3)     Ordering Farmers Branch to devise an election plan, and implementation schedule for that plan, that remedies the violation of Section 2.  If the City fails to devise such a plan, the Court should order into effect a new election plan of its own designed to remedy the violation of Section 2 and order elections to be held pursuant to that plan as promptly as possible;

(4)     Awarding reasonable attorney's fees, reasonable expert's fees, and other reasonable litigation expenses pursuant to 42 U.S.C. § 1973l(e) and any other applicable statute;

(5)     Awarding Costs of Court; and

(6)     Granting any other relief, at law or in equity, to which Plaintiffs may be entitled and which this Court deems just and proper.

Respectfully submitted,

**BICKEL & BREWER STOREFRONT, P.L.L.C.**

By: _____

William A. Brewer III
State Bar No. 2967035
Michael Veeser
State Bar No. 24042088
Jeremy Camp
State Bar No. 24069459
1717 Main Street
Suite 4800
Dallas, Texas 75201
Telephone:  (214) 653-4000
Facsimile:  (214) 653-1015

**ATTORNEYS FOR PLAINTIFFS**

5199524.8
8001-167

JS 44 (TXND Rev. 2/10)   ~~ORIGINAL~~   **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a)  PLAINTIFFS**
MARIA FABELA, ALFONSO BALADEZ, AMELIA BALADEZ, MARIA BALADEZ, MARIA JACOBO, ANTONIO REYES, MARIA REYES, DIANA ROSAS, LETICIA TORRES, AND JOSE VILLANEDA

**DEFENDANTS**
CITY OF FARMERS BRANCH, TEXAS, AND TIM O'HARE, HAROLD FROELICH, MICHELLE HOLMES, DAVID KOCH, BEN ROBINSON, AND TIM SCOTT, in their official capacities.

**(b)**  County of Residence of First Listed Plaintiff   Dallas, Texas
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Dallas, Texas
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)**  Attorney's (Firm Name, Address, and Telephone Number)
Bickel & Brewer, 1717 Main St. Ste. 4800, Dallas, Texas 75201

Attorneys (If Known)
Unknown

3-10CV1425-D

**II. BASIS OF JURISDICTION**   (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                                  and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT**   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☒ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

**V. ORIGIN**   (Place an "X" in One Box Only)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Voting Rights Act of 1965, as amended, 42 U.S.C. § 1973, et. seq.
Brief description of cause:
Plaintiffs are alleging illegal dilution of Hispanic voting power in the City of Farmers Branch, Texas

**VII. REQUESTED IN COMPLAINT:**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $   CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

**VIII. RELATED CASE(S) PENDING OR CLOSED:**   (See instructions)
JUDGE _____   DOCKET NUMBER _____

DATE  20 July 2010   SIGNATURE OF ATTORNEY OF RECORD  _[signature]_

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____