IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARIA FABELA, et al., § | |
| § | |
| Plaintiffs, § | |
| § | Civil Action No. 3:10-CV-1425-D |
| VS. § | |
| § | |
| CITY OF FARMERS BRANCH, TEXAS, § | |
| et al., § | |
| Defendants. § | |

MEMORANDUM OPINION
AND ORDER

In this challenge to the at-large method of electing members of the City Council of the City of Farmers Branch, Texas, brought under § 2 of the Voting Rights Act of 1965, 42 U.S.C. § 1973, defendants move to dismiss for failure to state a claim on which relief can be granted. They maintain that this suit is precluded by the affirmative defenses of claim and issue preclusion based on a judgment of this court rejecting a similar challenge. *See Reyes v. City of Farmers Branch*, *Tex.*, 2008 WL 4791498 (N.D. Tex. Nov. 4, 2008) (O'Connor, J.), *aff'd*, 586 F.3d 1019 (5th Cir. 2009). The court denies the motion.

I

In *Reyes* Judge O'Connor found against a group of plaintiffs who brought a similar § 2 challenge to the at-large method of electing members of the Farmers Branch City Council. Judge O'Connor held that the *Reyes* plaintiffs failed to establish that their proposed single-member district contained a majority of Hispanic citizens of voting age. *Reyes*, 2008 WL 4791498, at *19.

In the present case, a separate group of plaintiffs brings a § 2 claim. Defendants move to dismiss under Fed. R. Civ. P. 12(b)(6) based on the affirmative defenses of claim and issue preclusion.

II

The affirmative defense of claim preclusion requires that the party in the subsequent action whose claim is to be precluded be identical to, or in privity with, the party in the prior action. *See, e.g., Test Masters Educ. Servs. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). The affirmative defense of issue preclusion requires that privity exist between the relevant parties to the prior and subsequent lawsuits. *See, e.g., St. Paul Fire & Marine Ins. Co. v. Am. Int'l Surplus Lines*, 1997 WL 160192, at *5 (N.D. Tex. Mar. 31, 1997) (Fitzwater, J.). Defendants maintain that "[t]he only real issues before this court are whether the plaintiffs were in sufficient privity with the *Reyes* plaintiffs and whether there has been a material change in circumstances since the *Reyes* decision." Ds. Br. 2.

In *Taylor v. Sturgell*, 553 U.S. 880 (2008), the Supreme Court addressed whether "virtual representation" was a valid exception to the general rule that issue and claim preclusion do not apply to nonparties. *Id.* at 891 ("We granted certiorari . . . to resolve the disagreement among the Circuits over the permissibility and scope of preclusion based on 'virtual representation.'"). The Court noted that "[t]he application of claim and issue preclusion

to nonparties thus runs up against the 'deep-rooted historic tradition that everyone should have his own day in court.'" *Id.* at 892-93 (quoting *Richards v. Jefferson Cnty., Ala.*, 517 U.S. 793, 798 (1996)). It rejected "virtual representation," although it recognized six categories[1] of exceptions to the general rule against nonparty preclusion. *Id.* at 893[2] ("Though hardly in doubt, the rule against nonparty preclusion is subject to exceptions. For present purposes, the recognized exceptions can be grouped into six categories.") and 904 ("For the foregoing reasons, we disapprove the theory of virtual representation on which the decision below rested.").

The plaintiffs who are bringing this lawsuit are not the same persons who were the plaintiffs in *Reyes*. Defendants argue, however, that two of the categorical exceptions mentioned in

---

[1]These categories are: (1) when a nonparty "agrees to be bound by the determination of issues in an action between others"; (2) "a variety of pre-existing 'substantive legal relationships' between the person to be bound and a party to the judgment"; (3) when, "in certain limited circumstances" a nonparty was "adequately represented by someone with the same interests who [wa]s a party"; (4) when a nonparty "assume[d] control" over the prior litigation; (5) "when a person who did not participate in a litigation later brings suit as the designated representative of a person who was a party to the prior adjudication"; (6) when a statutory scheme "expressly foreclose[s] successive litigation by nonlitigants." *Taylor*, 553 U.S. at 893-95.

[2]While the Court referred to the six categories as "established categories," *id.* at 895, it also recognized that they "could be organized differently" and stated that "[t]he list . . . is meant only to provide a framework for our consideration of virtual representation, not to establish a definitive taxonomy," *id.* at 893 n.6.

*Taylor*—the third and sixth—may apply so that this suit is barred by claim and issue preclusion. Under the third category,

> in certain limited circumstances, a nonparty may be bound by a judgment because she was adequately represented by someone with the same interests who was a party to the suit. Representative suits with preclusive effect on nonparties include properly conducted class actions, and suits brought by trustees, guardians, and other fiduciaries.

*Id.* at 894-95 (quotation marks, citations, and brackets omitted). The sixth category provides an exception to the rule against precluding nonparties

> in certain circumstances [where] a special statutory scheme may expressly foreclose successive litigation by nonlitigants if the scheme is otherwise consistent with due process. Examples of such schemes include bankruptcy and probate proceedings, and *quo warranto* actions or other suits that, under the governing law, may be brought only on behalf of the public at large[.]

*Id.* at 895 (quotation marks, ellipsis, citations, and brackets omitted; other bracketed material added).

Defendants have not established that either section applies. The adequate representation exception applies "in certain limited circumstances," and the examples the Court gives in *Taylor* include properly conducted class actions and suits by trustees, guardians, and other fiduciaries. This exception does not apply here.

Nor have defendants shown that the exception for special statutory schemes applies. They point to no provision of the Voting Rights Act that expressly forecloses successive litigation

by nonlitigants or that provides that a § 2 suit may only be brought on behalf of the public at large.[3]

\* \* \*

Accordingly, the court denies defendants' motion to dismiss.

**SO ORDERED.**

November 15, 2010.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE

---

[3]Defendants rely heavily on *Gustafson v. Johns*, 434 F.Supp.2d 1246 (S.D. Ala. 2006) (three-judge court), *aff'd*, 213 Fed. Appx. 872 (11th Cir. 2007). The court declines to follow *Gustafson*. It is not binding on this court, and it predates *Taylor*, which rejects virtual representation.